CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISMAEL CHINO BARRERA, JUAN CHINO BARRERA, and APOLINAR TAVERAS PICHARDO, on behalf of themselves and others similarly situated, | Case No. 19-CV-606 |
| Plaintiffs, | FLSA COLLECTIVE ACTION COMPLAINT |
| -against- | |
| 1611 FOOD MART INC. d/b/a DOLLAR DEAL, PADAM BAJAJ, and RAKHI BAJAJ, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiffs ISMAEL CHINO BARRERA, JUAN CHINO BARRERA and APOLINAR TAVERAS PICHARDO (hereinafter, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants 1611 FOOD MART INC. d/b/a DOLLAR DEAL ("DOLLAR DEAL"), PADAM BAJAJ, and RAKHI BAJAJ (collectively, the "Individual Defendants") (DOLLAR DEAL and the Individual Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)

liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premiums for each day their work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff, ISMAEL CHINO BARRERA, is a resident of New York County, New York.

6. Plaintiffs JUAN CHINO BARRERA and APOLINAR TAVERAS PICHARDO are each residents of Bronx County, New York.

7. Defendant DOLLAR DEAL is a domestic business corporation organized under the laws of the State of New York, with a principle place of business at 1611 Westchester Avenue, Bronx, New York 10472.

8. Defendant DOLLAR DEAL operates a dollar store (the "Store") from 9:00 a.m. – 9:00 p.m. Monday through Saturday, and from 9:00 a.m. until 7:00 p.m. on Sunday.

9. The Individual Defendants are joint owners, shareholders, officers, directors, supervisors, managing agents, and proprietors of DOLLAR DEAL who actively participate in the day-to-day operations of the Store and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with DOLLAR DEAL.

10. The Individual Defendants jointly exercise control over the terms and conditions of Plaintiffs' employment in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

11. The Individual Defendants are each present on the premises of the Store on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

12. At all times relevant to the allegations in this Complaint, DOLLAR DEAL was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. Plaintiff, ISMAEL CHINO BARRERA, has been continuously employed by Defendants to work at the Store as a stock person, porter, and merchandise inspector/quality controller from in or about May 2018 through the present time.

14. Plaintiff, JUAN CHINO BARRERA, has been continuously employed by Defendants to work at the Store as a stock person, cashier, and merchandise inspector/quality controller from in or about May 2018 through the present time.

15. Plaintiff, APOLINAR TAVERAS PICHARDO, has been continuously employed by Defendants to work at the Store as a stock person and security guard from in or about May 2018 through the present time.

16. The work performed by Plaintiffs is directly essential to the business operated by Defendants.

17. Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18. Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19. Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. The Individual Defendants jointly participate in the day-to-day operation of the Store. For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for any errors made.

22. The Individual Defendants jointly create, implement, and approve all business policies and make all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

23. In or about May 2018, Defendants hired Plaintiff ISMAEL CHINO BARRERA to work as a non-exempt stock person, porter, and merchandise inspector/quality controller.

24. Plaintiff continues to work in those capacities for Defendants at the present time.

25. At no time during his employment for Defendants has Plaintiff received a wage notice indicating his regular hourly rate of pay and corresponding overtime rate of pay.

26. Plaintiff works over forty (40) hours per week.

27. Throughout the entirety of his employment, Plaintiff has and continues to work six (6) days per week and, his work schedule consists of twelve (12) hours per day Monday through Friday from 9:00 a.m. until 9:00 p.m., and ten (10) hours on Sunday from 9:00 a.m. until 7:00 p.m.

28. Plaintiff occasionally works seven (7) days per week.

29. When Plaintiff works seven (7) days per week, he works twelve (12) hours on Saturday from 9:00 a.m. until 9:00 p.m.

30. Plaintiff is not required to monitor his work hours through the use of a punch clock or other similar time-recording device.

31. From the beginning of his employment and continuing through in or about August 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $600 per week straight time for all hours worked and worked seventy (70) hours per week (eighty-two (82) hours per week when Plaintiff worked seven (7) days). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32. Beginning in or about September 2018 and continuing through the present time, Plaintiff has not and is not being paid proper minimum wages or overtime compensation. During this period, Plaintiff has been and continues to be paid, in cash, at the rate of $650 per week straight time for all hours worked and works seventy (70) hours per week (eighty-two (82) hours per week when Plaintiff works seven (7) days). Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

33. At no time during his employment for Defendants has Plaintiff receive a weekly wage statement with his cash wages, which indicate his gross wages, deductions, and net wages.

34. In or about May 2018, Defendants hired Plaintiff JUAN CHINO BARRERA to work as a non-exempt stock person, cashier, and merchandise inspector/quality controller.

35. Plaintiff continues to work in those capacities for Defendants at the present time.

36. At no time during his employment for Defendants has Plaintiff received a wage notice indicating his regular hourly rate of pay and corresponding overtime rate of pay.

37. Plaintiff works over forty (40) hours per week.

38. Throughout the entirety of his employment, Plaintiff has and continues to work six (6) days per week and, his work schedule consists of twelve (12) hours per day Monday through Saturday from 9:00 a.m. until 9:00 p.m.

39. Plaintiff is not required to monitor his work hours through the use of a punch clock or other similar time-recording device.

40. From the beginning of his employment and continuing through in or about August 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $650 per week straight time for all hours worked and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41. Beginning in or about September 2018 and continuing through the present time, Plaintiff has not and is not being paid proper minimum wages or overtime compensation. During this period, Plaintiff has been and continues to be paid, in cash, at the rate of $700 per week straight time for all hours worked and works seventy-two (72) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

42. At no time during his employment for Defendants has Plaintiff received a weekly wage statement with his cash wages, which indicates his gross wages, deductions, and net wages.

43. In or about May 2018, Defendants hired Plaintiff APOLINAR TAVERAS PICHARDO to work as a non-exempt stock person and security guard.

44. Plaintiff continues to work in those capacities for Defendants at the present time.

45. At no time during his employment for Defendants has Plaintiff received a wage notice indicating his regular hourly rate of pay and corresponding overtime rate of pay.

46. Plaintiff works over forty (40) hours per week.

47. Throughout the entirety of his employment, Plaintiff has and continues to work six (6) days per week and, his work schedule consists of twelve (12) hours per day Monday through Saturday from 9:00 a.m. until 9:00 p.m.

48. Plaintiff is not required to monitor his work hours through the use of a punch clock or other similar time-recording device.

49. From the beginning of his employment and continuing through in or about August 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $50 per day ($300 per week) straight time for all hours worked and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

50. Beginning in or about September 2018 and continuing through the present time, Plaintiff has not and is not being paid proper minimum wages or overtime

compensation. During this period, Plaintiff has been and continues to be paid, in cash, at the rate of $70 per day ($420 per week) straight time for all hours worked and works seventy-two (72) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

51. At no time during his employment for Defendants has Plaintiff received a weekly wage statement with his cash wages, which indicates his gross wages, deductions, and net wages.

52. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

53. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

54. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premiums for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

55. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

**COLLECTIVE ACTION ALLEGATIONS**

56. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since May 2018 (the date Defendants' commenced operation of the Store) until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

57. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

58. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

59. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the

class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

60. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

61. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e. Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

62. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

63. Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

67. Upon information and belief, at all time relevant to the allegations herein, defendant DOLLAR STORE has had gross revenues in excess of $500,000.

68. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

69. Defendants have willfully failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

70. Plaintiffs and the Collective Action Members are entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

71. Defendants have failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

72. At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

74. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

75. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

76. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

77. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

78. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

79. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

80. Defendants are Plaintiffs' employer as defined within the meaning of New York Labor Law §§ 2 and 651.

81. Defendants have knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

82. Defendants have knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

83. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

84. Defendants have knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

85. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

86. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

87. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

88. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

89. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

90. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs ISMAEL CHINO BARRERA, JUAN CHINO BARRERA and APOLINAR TAVERAS PICHARDO, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
January 22, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: ______________________
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Ismael Chino Borrero am an employee currently or formerly employed by 1611 Food Mart Inc., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
1/4, 2018

Ismael

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Juan Chino Barrera, am an employee currently or formerly employed by 1611 Food Mart Inc., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
1/4, 2018

[signature]

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Apolinar A. Taveras, am an employee currently or formerly employed by 1611 Food Mart Inc., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
1/4, 2018

Apolinar Taveras