UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ISMAEL CHINO BARRERA, JUAN CHINO BARRERA, :     Case No. 19-CV-606
and APOLINAR TAVERAS PICHARDO, on behalf of    :     (SLC)
themselves and others similarly situated,

                           Plaintiffs,

         -against-

1611 FOOD MART INC. d/b/a DOLLAR DEAL,
PADAM BAJAJ, and RAKHI BAJAJ,

                           Defendants.
----------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This is a Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), entered into by and between Ismael Chino Barrera, Juan Chino Barrera, and Apolinar Taveras Pichardo (hereinafter referred to as "Plaintiffs" or "Releasors"), and 1611 Food Mart Inc., and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Padam Bajaj and Rakhi Bajaj (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiffs and Defendants are collectively referred to herein as the "Parties").

WHEREAS, on January 22, 2019, Plaintiffs filed suit for damages titled *Ismael Chino Barrera, et al. v. 1611 Food Mart Inc., et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 19-CV-606, alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law (the "Complaint"); and,

WHEREAS, the Defendants have contested the claims set forth in the Complaint and deny any and all liability; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A. Consideration

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Sum"), which shall be paid in a lump sum payment *on or before February 21, 2020*.

2. The settlement payment described in Paragraph A(1) shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017, so as to be received no later than the date indicated above.

### B. Default

In the event that the Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Stephen D. Hans, Esq., Stephen D.

Hans & Associates, P.C., 30-30 Northern Boulevard, Suite 401, Long Island City, New York 11101, Facsimile (718) 275-6704, shans@hansassociates.com. The Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $5,000.00, with interest to commence as of that date at a rate of 9% per annum on the amount to be paid under this Agreement. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

C. **Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquishe, and discharge the Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and

retained gratuities during Plaintiffs' employment with the Defendants and any other compensation or, wages. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Defendants and it does not release or discharge any claims that may occur after that date.

**D.     Agreement To Refrain From Filing Claims**

Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiffs also agree that, so long as the Defendants make full payment as set forth in this Agreement, they will not bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

**E.     Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal and the Confessions of Judgment, to the Court for Judicial review and approval.

**F.     Representations and Acknowledgements**

1.     Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Defendants. Plaintiffs further represent that:

        (a) They have reviewed each and every provision of this Agreement;

        (b) The Agreement has been explained to them by their attorneys;

        (c) They fully understand this Agreement, including the release of claims.

2. Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. Plaintiffs further represent that neither the Defendants nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

G. **Non-Admissions**

1. Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or

of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**H.** **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter.

**I.** **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

**J.** **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The Parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the Parties or authorized representatives of the Parties. This Agreement may not be modified orally.

K. **Counterparts**

To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Ismael Chino Barrera

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 31st day of January 2020, before me personally came Ismael Chino Barrera to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 31st
day of January 2020

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015 23

[Remainder of Page Intentionally Left Blank]

By: _____
Juan Chino Barrera

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF NEW YORK      )

On the 30th day of January 2020, before me personally came Juan Chino Barrera to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 30th
day of January 2020

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2023

By: _____
Apolinar Taveras Pichardo

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF NEW YORK      )

On the 31st day of January 2020, before me personally came Apolinar Taveras Pichardo to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 31st
day of January 2020

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2023

By: _____
Padam Bajaj

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On the 29 day of January 2020, before me personally came Padam Bajaj to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 25 day of January 2020

_____
STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

By: _____
Rakhi Bajaj

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On the 25 day of January 2020, before me personally came Rakhi Bajaj to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 29 day of January 2020

_____
Notary Public
STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

10

5611 Food Mart Inc.

By: _PADAM BATAJ_
    _OWNER_

[Print Name and Title]